```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
                          BOSTON DIVISION

***********************************
IN RE:                              )
                                    )      CHAPTER 7
MARK J. DORAN,                      )      CASE NO. 14-11665
    Debtor                          )
_____)
                                    )
DREW DONARUMO PLUMBING & HEATING    )
CO., INC.                           )
    Plaintiff,                      )
                                    )
v.                                  )      ADVERSARY PROCEEDING
                                    )      CASE NO. 14-1214
MARK DORAN and MARIA LIACHEV        )
    Defendant.                      )
                                    )
_____)
```

**THE CHAPTER 7 TRUSTEE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON THE DEBTOR'S MOTION TO REMAND [DOCUMENT 2]**

NOW COMES, Gary W. Cruickshank, Chapter 7 Trustee for Mark J. Doran (the, "Trustee"), and who respectfully moves this Court to Reconsider its Order on the Motion of the Debtor to Remand [Document 2] this matter to Chelsea District Court, and to allow the matter to go forward as an adversarial proceeding in this Court.

As grounds therefore, the Trustee states as follows:

1. In March 2014, Donarumo Plumbing and Heating Inc. filed a single count complaint for fraudulent conveyance against Mark Doran and Maria Liachev in the Chelsea District Court (the "Fraudulent Conveyance Action").

1

2. On April 11, 2014, Doran ("Debtor") filed for Chapter 7 bankruptcy and the Fraudulent Conveyance Action was stayed. *See* Bankruptcy Docket Entry #1.

3. On September 24, 2014, the Trustee moved for Relief from Stay, thereby seeking to remove the Fraudulent Conveyance Action to this Court.[1] See Bankr. Docket at 1.

4. On October 22, 2014, the Court (Feeney, J.) Denied the Motion Without Prejudice "for the reasons stated on the record." *See* Bankruptcy Docket Entry 42.

5. The reasons stated on the record were the Court's express belief that the Trustee did not need Relief from Stay under Rule 9027 prior to filing a Notice of Removal relative to the state court action underlying this Adversary Proceeding.

6. On November 4, 2014, pursuant to the Court's direction, the Trustee filed a Notice of Removal to remove the Fraudulent Conveyance Action from the Chelsea District Court to this Court. *See* Adversarial Docket Entry #1.

7. On November 5, 2015, the Debtor filed a Motion to Remand for Failure to Comply with Rule 9027. *See* Adversarial Docket Entry #2.

---

[1] Fed.R.Bankr.P Rule 9027 ("Rule 9027") requires, as one alternative, that a Notice of Removal be filed within 30 days *after the granting of relief from Stay*. *See* Fed.R.Bankr.P. 9027.

8. The Debtor argued that the Trustee failed to comply with Rule 9027 because the Trustee did not file a Notice of Removal within 90 days of the petition date, or receive relief from stay *within the 30 days prior to filing for removal*.

9. However, as explained hereinabove, the Court denied the Trustee's Motion for Relief from Stay because the Court determined that relief from stay was *not necessary* prior to filing a notice of removal.

10. On November 14, 2014, in light of the Debtor's Motion to Remand for Failure to Comply with Rule 9027, the Trustee moved for Reconsideration on this Court's Order denying relief from stay. *See* Bankruptcy Docket Entry #44.

11. On December 17, 2014, this Court entered an Order granting relief from the automatic stay, allowed the substitution of Gary Cruikshank in his capacity as Trustee of the Plaintiff, and remanded the case to the Chelsea District Court for further proceedings. *See* Adversarial Docket Entry 12; see also Bankruptcy Docket Entry #51.

12. On January 12, 2015, Defendants Doran and Liachev filed in the Chelsea District Court a Motion to Dismiss the Fraudulent Conveyance Action pursuant to Mass.R.Civ.P. 12(b)(1) and (b)(6). See Exhibit A (Motion).

13. The Defendants argued, *inter alia*, that the Chelsea District Court lacks subject matter jurisdiction to hear the Fraudulent Conveyance Action because it only seeks equitable relief and therefore it must be dismissed under Mass.R.Civ.p. 12(b)(1).[2]

14. The Trustee's counsel filed a Motion to Transfer the case to Superior Court but during oral argument requested that the Court stay any ruling for 30 days in the event the Court determined that the Court was without authority to transfer the action to Superior Court.

15. On January 21, 2015, the Chelsea District Court allowed the Motion to Dismiss, and ordered that a dismissal be entered in 30 days from the date of the Order. *See* Exhibit B (Order).

16. Due to the time between the entry of the automatic stay and the various motions referenced above, the Statute of Limitations on the Fraudulent Transfer Action has expired.

17. Therefore, should the matter be dismissed by the Chelsea District Court, the Trustee (and the creditors) will be left without a remedy, as the Estate is otherwise without assets.

---

[2] This particular issue was never briefed by either party or otherwise brought to the Court's attention during the hearing on the Debtor's Motion to Remand.

4

18. Pursuant to Rule 9027, the Removal of the Fraudulent Conveyance Action to this Court can still be timely. Rule 9027 specifies that a notice of removal may be filed within the longest of (A) 90 days after the order for relief in the case under the Code, **(B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code**, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

19. In the present case, if this Motion for Reconsideration is granted, removal would be timely because it could be accomplished within 30 days of the entry of an order terminating a stay.

20. Allowing this Motion for Reconsideration is the only chance for the Fraudulent Conveyance Action to proceed, and would prevent the Debtor from using the litigation stay to avoid a determination on the merits in any court.

WHEREFORE, for all the foregoing reasons, the chapter 7 Trustee, Gary W. Cruickshank, by and through his undersigned special counsel, requests that this Court Allow the Trustee's Motion for Reconsideration of the Court's Order on the Debtor's Motion to Remand, and Order the case removed for further proceedings.

Respectfully submitted,

**GARY W. CRUIKSHANK, CHAPTER 7 TRUSTEE FOR MARK J. DORAN,**
By his attorneys,

/s/  David A. Conti, Esq.
David A Conti, BBO #661419
**GODBOUT LAW PLLC**
33 Broad Street, 11th Floor
Boston, MA 02109
(617)523-6677

Dated: January 29, 2015

**CERTIFICATE OF SERVICE**

I, David A. Conti, hereby certify that a copy of the foregoing Motion has been served, unless otherwise stated, via regular United States mail, postage prepaid, upon the following parties:

| | |
|---|---|
| United States Trustee<br>John W. McCormack Post Office and Courthouse<br>5 Post Office Sq., 10th Fl.<br>Suite 1000<br>Boston MA 02109<br><br>(electronically) | Ira H. Grolman, Esq.<br>Rachel M. Sposato, Esq.<br>Donahue Grolman & Earle<br>Counsel to the Debtor<br>321 Columbus Avenue<br>Boston MA 02116<br><br>(electronically) |

Dated: January 29, 2015

/s/David A. Conti, Esq.